IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILLIAM BEARDEN,              §
   ID # 126072554,           §
      Petitioner,          §
                §
v.                           §        No. 3:25-CV-3021-D-BW
                §
JOHNSON COUNTY JAIL,          §
      Respondent.          §        Referred to U.S. Magistrate Judge[1]

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Application to Proceed In Forma Pauperis ("IFP"), with accompanying certificate of inmate trust account ("CTA"), received on November 21, 2025. (Dkt. No. 6.) Based on the relevant filings and applicable law, the Court should **DENY** the IFP application and **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

## I. BACKGROUND

On November 5, 2025, the Court received a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 from William Bearden, a pre-trial detainee at the Johnson County Jail. (*See* Dkt. No. 3.) By Notice of Deficiency and Order dated November 10, 2025, the Court informed Bearden that he had not paid the $5 filing fee for a habeas case under 28 U.S.C. § 2241 or submitted an application to proceed

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

IFP with the required CTA or comparable form, such as a resident account summary. (*See* Dkt. No. 4 at 1.)  The Court therefore ordered him to either pay the $5 filing fee for a § 2241 action or submit an IFP application with the required CTA or comparable form within 30 days. (*See id.*)  Bearden submitted an IFP application with CTA on November 21, 2025. (*See* Dkt. No. 6.)

Because Bearden's IFP application and CTA showed that he had sufficient funds to pay the $5 filing fee, and because Bearden had not shown that he had any demands on his financial resources or would suffer undue financial hardship after payment of the $5 filing fee, the Court entered an order on November 25, 2025, granting Bearden until December 29, 2025 to pay the $5 filing fee. (*See* Dkt. No. 7.) That order warned Bearden that if he did not pay the filing fee, the Court would recommend denial of his IFP application and the action would be subject to dismissal without prejudice under Federal Rule of Civil Procedure 41(b). (*See id.*) Approximately four weeks have passed since the Court's deadline in the November 25 order expired, and Bearden still has not paid the $5 filing fee or filed anything manifesting an attempt or intent to do so.

## II.  IFP

A federal district court may authorize a prisoner to proceed IFP in a civil case when he submits an affidavit and CTA, or comparable form, establishing his financial inability to pay or give security for applicable court fees "without suffering undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a)(2).  To determine whether the payment of fees would cause undue

financial hardship, the Court must examine the applicant's financial condition. *See Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, as the Court discussed in the November 25 order, Bearden's CTA showed a balance of $30.55 in his inmate account, an average monthly balance of $21.60, and average monthly deposits of $207.50. (*See* Dkt. No. 6 at 3.) Each of these amounts shows that Bearden has sufficient funds to pay the $5.00 filing fee for a § 2241 habeas action. Further, Bearden has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5 filing fee. Accordingly, the Court should deny Bearden's IFP application.

### III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party

from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Bearden has failed to comply with the Court's November 25 order to pay the $5.00 filing fee, despite a warning that failure to do so could result in the denial of his IFP application and dismissal of his case. By not complying with the Court's order, Bearden prevents this action from proceeding and has failed to prosecute his lawsuit. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

## IV.  RECOMMENDATION

The Court should **DENY** the Application to Proceed In Forma Pauperis, received on November 21, 2025 (Dkt. No. 6), and **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on January 26, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

5